IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| ENCYCLE/TEXAS, INC. | § | |
| Debtor(s) | § | Case No. 05-21304 |

### MICHAEL B. SCHMIDT'S OBJECTION TO THE NRDA TRUSTEES' OBJECTION AND RESPONSE TO HIS FEE APPLICATION AND REPLY THERETO (Doc. #518)

Michael B. Schmidt as Special Counsel ("Schmidt") for Mike Boudloche, Chapter 7 Trustee ("Trustee") in this Encycle Case ("Encycle Case") files this Objection and further Reply to the Texas Natural Resources Damage Trustees (the "NRDA Trustees") Objection and Response to his Application for Payment of Special Counsel Fees (Doc. 494) as follows:

### Res Judicata and Lack of Standing by NRDA Trustees

1.     The Encycle Site Settlement (Exhibit 4, Doc. #241-2) a Rule 9019 settlement approved by this Court, is by and between the TCEQ, the EPA, ASARCO, and the Trustee. The NRDA Trustees are not a signatory party to it, but bound to its terms by res judicata as parties in interest. This Encycle Site Settlement provides in Paragraph 10 (Exhibit 4, Doc. #241-2, pg 7) a compromise for reduction of the special counsel's contingency fee from 50% to 25% and that the TCEQ and EPA acknowledge and accept this compromised fee reduction. It also expressly reserves the right to object to payment of this compromised 25% contingency fee only by the TCEQ and the EPA. This Encycle Site Settlement was approved by this Court, after notice and hearing to all creditors and parties-in-interest, including the NRDA Trustees. No objection was filed by the NRDA Trustee to it and no appeal taken there from, so that the Encycle Site Settlement is fully binding on them. By its approved terms, only the TCEQ and the EPA have standing or the right to object to payment of this compromised 25% contingency fee. Neither

have done so. The EPA in fact filed a Stipulation advising the EPA takes no position on the Application (Doc. #521). Mr. Alan Tenenbaum, EPA's counsel advised me they will not be filing an objection to the Application. Mr. Hal Morris, Counsel for the TCEQ has advised me they will not oppose the Application. Consequently, under the doctrine of res judicata the NRDA Trustees are bound by these terms and have no standing or right to object, as that standing or right was reserved solely to the TCEQ and the EPA, neither of which oppose the Application. *In re Gibralter Resources, Inc.* 210 F.3d. 573 (5th Cir. 2000).

<u>Response to NRDA Trustees' Preliminary Statement</u>

2.      Schmidt agrees with one position the NRDA Trustees takes and it is the "Encycle Site", owned and administered by the Trustee is separate and apart from the Nueces Bay Site and covered by separate settlements.  The Trustee, through Schmidt, filed a $70,000,000 claim in the ASARCO, *et al*,  Bankruptcy Case No. 05-21207 ("ASARCO Case") for environmental liability it believed was owed to the Trustee by  ASARCO  related to the Encycle Site and the Nueces Bay Site (the "Trustee's POC"). The Trustee's POC was the subject of ASARCO's Motion to Estimate Environmental Liabilities [the "Omnibus Claims Objection"](Doc. #3675 in the ASARCO Case).  The Trustee through Schmidt and Kanner Responded to such Motion (Doc. #4078 in the ASARCO Case) and otherwise prosecuted the Trustee's claims.  Thereafter a mediation (the "Mediation") was held in Austin between ASARCO, the TCEQ, the NRDA Trustees, the EPA and the Trustee regarding the Omnibus Claims Objection and the joint obligation of ASARCO and the Trustee under the Consent Decree to clean up the Encycle Site. The Mediation was attended by Trustee and Schmidt pursuant to a direct invitation from counsel for ASARCO to attend as invited adverse Party holding claims against ASARCO arising from contamination at the Encycle Site and the Nueces Bay Site. ASARCO considered the Trustee as

the only viable party through which clean up of the Encycle Site could be accomplished and thus free ASARCO from its liability for such clean-up.  ASARCO strongly desired to settle with the Trustee by providing a recovery to him on his environmental claims against them since that was the only viable avenue for ASARCO to be free of its joint obligation under the Consent Decree to clean-up the Encycle Site.  The TCEQ, the NRDA Trustees and the EPA also expressed its agreement with this approach.   After an exhausting two (2) days of negotiations involving all of the Parties, including direct negotiations between the Trustee and  Schmidt with ASARCO and the TCEQ, and the NRDA Trustees, two settlements were reached between ASARCO, on the one hand, and the TCEQ, the NRDA Trustees, the EPA and the Trustee on the other hand.  There were two (2) mediated settlements that resulted from the Mediation. The first one ("Encycle Site Settlement") provided; (i) as to the Encycle Site for the Trustee, the TCEQ (not the NRDA Trustees) and the EPA to receive a combined allowed general unsecured claim of $10,000,000 in the ASARCO Case with all of the money recovered thereon to be paid  solely to the Trustee (the Encycle Site Allowed Claim"), and, (ii) that the Trustee exclusively could sell the Encycle Site Allowed Claim and recover all of the money received from its sale,  The second settlement ("Nueces Bay Site Settlement") provided; (i)  as to the Nueces Bay Site, the NRDA Trustees (not the TCEQ) to have an allowed general unsecured claim of $10,000,000 in the ASARCO Case, and (ii) a $15,000,000 allowed  general unsecured claim in the Encycle Case.

     3.    The Trustee, through Schmidt, worked with lawyers for the TCEQ, the EPA and ASARCO to draft and finalize the Encycle Site Settlement Agreement that memorialized the mediated settlement that was reached concerning the Encycle Site.  Special Counsel Schmidt also worked with lawyers for the NRDA Trustees, the EPA and ASARCO to draft and finalize the Nueces Bay Site Settlement Agreement. The Trustee is a named and signatory settling party

to both the Encycle Site and the Nueces Bay Site Settlement Agreements. The Trustee, through Special Counsel Schmidt, in one 9019 Motion sought and obtained Court approval of both the Encycle Site and the Nueces Bay Site Settlement Agreement (Doc. #241).   This Encycle Site Agreement provides for allowance of the Trustee's POC against ASARCO and recovery and receipt solely by the Trustee of all money paid on the Encycle Site Allowed Claim and sole receipt of the proceeds recovered from its sale. Court approval of these same Settlement Agreements was sought by ASARCO and obtained in the ASARCO Case.  Furthermore, in the ASARCO Case, an Order was entered denying ASARCO's objection to the Trustee's POC and allowing the Encycle Site Allowed Claim and its payment solely to the Trustee.  See Order entered as Doc. #9646 in the ASARCO Case, thus resolving the Omnibus Claims Objection in the Trustee's favor.

4.      By Motion to Approve Sale to Goldman Sachs, filed in the Encycle Case (Doc. #261), the Trustee through Special Counsel, Schmidt, sought and obtained Court approval of sale of the Encycle Site Allowed Claim.  The TCEQ and the EPA (not the NRDA Trustees), in accordance with the terms of the Encycle Site Settlement that provided for sale by the Trustee with TCEQ and EPA (not the NRDA Trustees) approval (Exhibit 4, Doc. #241-2, Para. 4, pg 5-6) filed a Response thereto stating they did not object to the sale, with the addition of additional language (Doc. #262).  This added language was agreed to by the Trustee.  This Court expressly found that the Trustee had the exclusive right to receive payments on this Encycle Site Allowed Claim and to sell it to Goldman Sachs as it was "**Property of the Estate**".  See Order Approving Sale to Goldman Sachs (Doc. #265).   The Trustee thereafter closed the sale of his Encycle Site Allowed Claim to Goldman Sachs with this Court's approval and was solely paid the entire purchase price.  None of the proceeds from this sale were paid to the TCEQ, the NRDA Trustees

4

or the EPA. Goldman Sachs, because of its purchase from the Trustee, later received under the ASARCO plan, all of the proceeds attributable to the Encycle Site Allowed Claim. The TCEQ, the NRDA Trustees and the EPA were never entitled to recover from and never received any funds attributable to the Encycle Site Allowed Claim.

5.    The NRDA Trustees was paid the separate $10 million ASARCO portion of the Nueces Bay Site Allowed Claim and received payment for this claim from ASARCO. The NRDA Trustees will, after closing of the sale of the Encycle Site to Plains Terminals Corpus Christi, LLC ("Plains"), approved by this Court last week, be paid a substantial portion of its $15,000,000 claim from this Encycle Case. The NRDA Trustees will receive in the range of $20,000,000 cash from both of its Nueces Bay Site Allowed Claims. The Trustee, who began administration of this Case without any funds, through settlement of his claim against ASARCO recovered funds and has  expended almost all of that recovery for clean-up of the Encycle Site. In part, through the Trustee and his counsel's efforts, Plains, as part of its purchase will expend up to an additional $13 million for further clean up of the Encycle Site.

6.    In spite of (i) the provisions of the  Encycle Site Settlement Agreement; (ii) the findings in this Court's Orders mentioned above; (iii) the Trustee's sole recovery and receipt of the funds attributable to the Encycle Site Allowed Claim; and (iv) the TCEQ, the NRDA Trustees and EPA's total lack of recovery of any funds attributable to the Encycle Site Allowed Claim, all as discussed above, the NRDA Trustees takes the **disingenuous** position that the **"$10 million recovery on which Special Counsel base their Fee Application was obtained pursuant to claims possessed by the United States and the NRDA Trustees - not the Encycle Trustee - and the recovery was due to the efforts of counsel for the United States and the NRDA Trustees"** (Doc. #518, pg 3). The NRDA Trustees chooses to totally ignore the terms of

the Encycle Site Settlement that provides for the Trustee's <u>sole</u> recovery of all money attributable to the Encycle Site Allowed Claim and the fact that the Trustee solely received that money.

<u>Response to Factual Background</u>

7.      A short time after Mike Boudloche was appointed Trustee, Hal Morris and another lawyer with the Texas Attorney General's  Office, Bankruptcy Division (the "Bankruptcy Division") acting on behalf of the TCEQ and the NRDA Trustees, approached him and Schmidt with a proposal that the Trustee retain special counsel, (as co-counsel with Schmidt) of  the highly competent New Orleans environmental law firm of Kanner & Whiteley ("Kanner") to pursue all claims and causes of  action the Trustee held against ASARCO and other potentially responsible third parties ("PRP") for the contamination at the Encycle Site and the Nueces Bay Site. With the urging and consent of the Bankruptcy Division, the Trustee, Schmidt and Kanner met and the Trustee agreed to employment of Schmidt and Kanner as Special Counsel to pursue these claims.  The Bankruptcy Division representing the TCEQ and the NRDA Trustees offered cooperation and assistance in the Trustee's pursuit of those claims and causes of action. The application to employ Schmidt and Kanner as co-special counsel was properly made to the Court and approved by Order on November 27, 2006 (Doc. #160), without objection by anyone. Kanner, with Schmidt's assistance, thereafter began initial investigation and collection of large amounts of data required for successful prosecution of these claims and causes of action. After this initial period, Kanner expressed the belief that the Trustee held in the neighborhood of **$100 million** in collectable claims arising from environmental liability.   However, a short time after that, for some yet to be revealed reason, the Texas Attorney General switched position from alignment with the Trustee and removed the Bankruptcy Division from further representation of

the NRDA Trustees in this Bankruptcy Case.  To accomplish this reversal of position, the Texas Attorney General took the unprecedented step of replacing the Bankruptcy Division as attorney for the NRDA Trustees with Jane Atwood in the Natural Resources Division of the Texas Attorney General's Office ("NR Division"). The NR Division gave notice of this substitution in representation of the NRDA Trustees only and the continuing representation of the TCEQ by Mr. Hal Morris of the Bankruptcy Division, by Notice filed in the Bankruptcy Case on March 2, 2007 (Doc. #191). Sometime after the time of this Notice in May of 2007, Kanner's associate, Lili Petersen, was contacted by the NR Division lawyer who advised that she wanted to make it clear that the strategy agreed to between the Trustee's special counsel and the Bankruptcy Division would no longer be honored.  Now, instead of their previous position of alignment with the Trustee's efforts for collection of environmental damages to facilitate clean-up of the Encycle Site, they would reverse positions and oppose all claims and causes of action for environmental liability pursued on behalf of the Trustee.  Further they would object to any attempts to have any money go through the Trustee.  This NR Division lawyers expressed that in the event a settlement of any claims held by the Trustee against any PRP was obtained, the NRDA Trustees instead of supporting them would oppose them by refusing to provide a release of any environmental claims-thus killing all prospects of reasonable resolution of the Trustee's claims and thereby defeat recovery of any of the estimated $100 million in claims.  The NR Division lawyer also advised they would aligned themselves with ASARCO and prosecute efforts to defeat any and all claims the Trustee held against ASARCO.  The end result was that the NR Division lawyer now intended and planned to block the Trustee's recovery of any money from ASARCO or PRPs that could be used to perform the clean-up obligations imposed upon the Trustee under the Consent Decree.  One wonders why the NR Division lawyer would choose to

abandon a plan put into play by the Bankruptcy Division for recovery by the Trustee of an estimated $100 million.  Then, reverse positions and in its place put into play a plan to defeat the Trustee's recovery of any amount.  It is also interesting to note, the NRDA Trustees, through this NR Division lawyer, then again reversed its adverse position and supported the Encycle Site Settlement which provided the Trustee with the sole recovery of the $10 million Encycle Site Allowed Claim and, thereby releasing ASARCO from all further liability for clean-up of the Encycle Site.

8.     In response to the NRDA Trustees' initial reversal in position from aligned to adverse, the Trustee had discussions with his Special Counsel, and the Trustee decided that it would be best to stand down temporarily and await future developments in the ASARCO and Encycle Cases.  As a result of this switch by the NRDA Trustees, the Trustee communicated in writing to the NR Division lawyer that he was instructing Kanner and Schmidt to stand down in their further pursuit of these claims, pending further developments.  See the June 18, 2007 Letter from Trustee to the NR Division lawyer attached as Exhibit G to NRDA Trustees' Objection. Kanner and Schmidt stood ready at all times thereafter to perform additional and continuing work in pursuit of the claims for environmental liability against ASARCO and the PRPs, as soon as advised to do so by the Trustee. Sometime in the late summer of 2007, Schmidt communicated to the Trustee that he was informed by counsel for ASARCO of an interest on the part of ASARCO to settle and resolve the Trustee's POC and of the invitation by ASARCO's co-counsel for the Trustee and Schmidt to attend the mediation with the TCEQ, the NRDA Trustees and ASARCO involving these claims.  With this communication, the Trustee advised Schmidt to again move forward with additional prosecution of the claims as Special Counsel and to prepare for and attend with him this Mediation.  It became clear that ASARCO strongly desired to settle

with the Trustee by providing a recovery to him on his environmental claims against them since that was the only viable avenue for ASARCO to be free of its obligation under the Consent Decree to clean-up the Encycle Site. Schmidt and Kanner did move forward with further prosecution, as obviously settlement talks began in earnest between the Trustee and Schmidt with ASARCO and the TCEQ, the EPA and the NRDA Trustees, such that through the Mediation, the Encycle Site and Nueces Bay Site Settlement Agreements resulted.  In spite of this, the NRDA Trustees takes the **disingenuous** position that: "**Encycle filed claims against ASARCO in the ASARCO bankruptcy, but did not prosecute them.**" (Doc. #518, pg 4).  If Encycle did <u>not</u> prosecute them, then why did the Trustee (and Schmidt): (i) attend and negotiate at the Mediation; (ii) sign as a signatory settling party the Encycle Site Settlement that provided for a $10 million allowed claim; (iii) file and obtain Court approval of his 9019 Motion approving the Encycle Site Settlement; (iv) have ASARCO's objection to  his contamination claim overruled; and (v) recover solely all of the money attributable to the Encycle Site Allowed Claim?  According to the NRDA Trustees-who have reversed their positions from aligned, to adverse, to once again aligned on any recovery by the Trustee for contamination; **it was a gift from the NRDA Trustees to the Trustee**.  Absurd!

9.     The Trustee employed Schmidt in two capacities, first as general counsel employed to attend to general matters affecting Encycle and as Co-Special Counsel with Kanner to seek and settle special claims for all contamination.  There is nothing inappropriate in Schmidt serving as both general and co-special counsel as different services are covered.  Schmidt has served in both these capacities without compensation (other than about $16,000 paid in 2006) expending hundreds of hours over more than seven (7) years.  Schmidt is uncompensated because the Trustee had and will not until closing of the sale to Plains have any funds to pay for

Schmidt's work.  Schmidt's work as Co-Special Counsel has greatly benefited the NRDA Trustees and resulted in the Trustee recovery of the vast majority of the money he received to fulfill his obligation to clean-up the Encycle Site.   Not one penny has come from the NRDA Trustees to the Trustee to facilitate clean-up-it all come from money from the JP Morgan Trust fund (established by ASARCO prior to bankruptcy for clean-up) and from the Trustee's sole recovery of the Encycle Site Allowed Claim.  Schmidt seeks approval of payment of his 12.5% contingency fee earned through his work as Co-Special Counsel and promised to him by the Trustee and approved by prior order of this Court.

10.    The Trustee participated in the estimation process as well though Schmidt and Kanner.  Schmidt and Kanner participated in that estimation process through filing pleadings and conducting investigation.  Kanner also secured an expert witness and expended funds in payment of that expert.  No trial on the claims estimation was ever held-or even got close to being tried. The parties all along planned to go to Mediation at which the Trustee (i) attend and negotiate at the Mediation; (ii) sign as a signatory settling party the Encycle Site Settlement that provided for a $10 million allowed claim; (iii) file and obtain Court approval of his 9019 Motion approving the Encycle Site Settlement; (iv) have ASARCO's objection to his contamination claim overruled; and (v) recover solely all of the money attributable to the Encycle Site Allowed Claim.

11.    Ms. Petersen, a member of Kanner's Firm, did designate the NRDA Trustees as an observer at the Mediation. Neither Ms. Petersen nor Mr. Kanner attended the Mediation in person, but aided the Trustee and Schmidt through phone conversations.  However, the Trustee and Schmidt were invited to attend by ASARCO's counsel and did attend in person as participants and did actively participate as a party in that mediation at the request of ASARCO.

The Mediation was held in Austin for two (2) days on September 17 and 18, 2007.  The Trustee and Schmidt attended both days and actively participated in the mediation process with the mediator, ASARCO and the NRDA Trustees. The general session took up the majority of the first day.  On the 2nd day the Trustee and Schmidt participated in separate individual sessions with the TCEQ, The NRDA Trustees, with ASARCO, with the mediator and with the mediator, and ASARCO. It became clear that ASARCO strongly desired to settle with the Trustee by providing a recovery to him on his environmental claims against them since that was the only viable avenue for ASARCO to be free of its joint obligation under the Consent Decree to clean-up the Encycle Site. The TCEQ and the NRDA Trustees also obviously agreed with this approach, as that is exactly what is provided in the Encycle Site Settlement Agreement. Numerous negotiations were conducted and participated in by the Trustee and Schmidt with alternative offers and settlement ideas discussed which were finalized with the parties settling on the Encycle Site Allowed Claim being paid solely to the Trustee to be used exclusively for clean-up. The limited size of the Encycle Site Allowed Claim was of major concern to the Trustee during his negotiations, as his estimation of the cost to remediation the Encycle Site provided to him by his expert was close to $10 million.  The Trustee under his existing contingency fee agreement with Schmidt and Kanner would need to recover $20 million in order to net $10 million to secure his estimate clean up costs.  However, the maximum amount obtainable from ASARCO was the $10 million.  To facilitate this settlement, so as to assure the Trustee with enough funds to remediate, Schmidt and Kanner, with the knowledge and agreement of the TCEQ, the NRDA Trustees and ASARCO compromised and reduced their contingency fee from 50% to 25%.  Even at this substantially reduced fee, the Trustee would have netted $7.5 million and still be short of the amount needed to achieve clean-up.  To ensure the Trustee recovered

enough to perform clean-up, Schmidt and Kanner further compromised and agreed to defer receipt of their reduced contingency fee until after clean-up and only from the sales proceeds received from sale of the Encycle Site.  This was a negotiated agreed term set out in the Encycle Site Settlement Agreement (Page 7, Paragraph 10) and **approved and accepted** by the TCEQ, the EPA, ASARCO, without objection by the NRDA Trustees, and approved by this Court. However, the NRDA Trustees now want to renegotiate this provision and have Schmidt and Kanner recover on some basis other than what was agreed to. **Disingenuously,** citing in summary, this provision of the Encycle Site Settlement Agreement (Paragraph 10), the NRDA Trustees says Paragraph 10 provides "The United States and the State **acknowledge** the adjustment and reserve the right to object to the payment of the compromised contingency fee at the appropriate time" (Doc. #518, page 7).  In fact, Paragraph 10 of the Encycle Site Settlement Agreement actually reads; "**The TCEQ and EPA acknowledge and accept that the Encycle Trustee has reached a compromise with his special co-counsel reducing their Bankruptcy Court approved contingency fee from 50% to 25% (split evenly between the Kanner Firm and the Schmidt Firm) and that it is to be paid exclusively out of the proceeds of the sale of the Encycle Site.  The TCEQ and EPA reserve the right to object at the appropriate time to payment of this compromised 25% contingency fee to the Encycle Trustee's special co-counsels."** The TCEQ and the NRDA Trustees did much more than simply acknowledge the Trustee's settlement with Special Counsel, they **accepted** it and they specifically designated only the TCEQ and the EPA reserved the right to object to its payment.  Yet in the face of this acceptance-which they now try to disguise from this Court, the NRDA Trustees argue it's not payable, even though in fact, its acceptance was an integral part of the Trustee's settlement and

the NRDA Trustees have no right to object to its payment. **It appears that the NRDA Trustees in this Case honor binding agreements just as poorly as they stick to a position.**

12.     Under the Consent Decree, in place long before the Encycle Site Settlement Agreement, the Debtor was obligated to clean-up the Encycle Site. Upon the filing of bankruptcy, the Estate through the Trustee, jointly with ASARCO, was obligated to perform that required clean-up.  Prior to his recovery of the Encycle Site Allowed Claim, the Trustee did not have any money to perform that clean-up, as the case was converted to Chapter 7 without any funds. The Trustee's prosecution through Schmidt and Kanner of the Trustee's POC against ASARCO and successful mediation of it resulted in recovery by the Trustee of the money attributable to the Encycle Site Allowed Claim.   It was this sole recovery of the money attributable to the Encycle Site Allowed Claim that funded clean-up by the Trustee.  Without that recovery, the Trustee could not have funded cleaned-up of the Encycle Site and ASARCO would not be released from its obligation to perform that clean-up. That is what was accomplished through the Encycle Site Settlement Agreement.

<u>Response to Objection</u>

13.     As discussed above, the Trustee, through Schmidt and Kanner, did pursue the Trustee's POC before and through the Mediation and ultimate settlement. As discussed in detail above, the Trustee did call Schmidt and Kanner off, after the NRDA Trustees' switch in positions. However when in the late summer of 2007 negotiations  heated up regarding the Trustee's  POC, with the end result being the Trustee's (through Schmidt) settlement through the Mediation.  Prior to that Mediation, the Trustee instructed Schmidt and Kanner to get back on the job. If Schmidt was not back on duty-why did the Trustee require him to attend two days of mediation in Austin to undertake efforts to reach a settlement of the Trustee's POC - the very

purpose for which he and Kanner were retained as Special Counsel? Why else would Schmidt attend and actively participate in the Mediation and negotiate with all parities at the Mediation, and then further work on documentation and 9019 approval of the Encycle Site Settlement Agreement. It was because he was performing his duties as Special Counsel in seeking recovery of contamination that resulted in the Trustee's sole recovery of the Encycle Site Allowed Claim. Again, the NRDA Trustees **Disingenuously** argues; "**This money was part of settling the Governments'—not the Encycle Trustee's claims**" (Doc. #518, page 8); and, **"the $10 million that Special Counsel want a contingency of was neither a claim of nor a recovery obtained by the Encycle Trustee or NRDA Trustees"** (Doc. #518, page 9). As discussed above, in detail, the money as provided in the Encycle Site Settlement Agreement was in fact in settlement of the Trustee's POC and it was on his allowed claim against ASARCO that the $10 million was exclusively paid. The Trustee's exclusive right to receive the money attributable to the Encycle Site Allowed Claim was found by this Court to be **"property of the Estate"** (Exhibit 9, Doc. #265); which the Trustee **"owns and has good marketable title to…"** (Exhibit 10, Doc. #274) and a "**claim based on amounts owed to the Trustee by the Asarco LLC, Bankruptcy Estate**" (Exhibit 10, Doc. #274). The NRDA Trustees urges this Court to ignore these found facts and hold instead the Trustee's recovery is really the NRDA Trustees' recovery.

14.    The NRDA Trustees further asserts**: "the $10 million settlement money is not "money collected or benefit conferred" on the Encycle Trustee. Quite the opposite. The Encycle Trustee obtained an obligation, not a "recovery" to clean up the Encycle Site using money recovered from ASARCO by the United States and the State."** (Doc. #518, page 9). In other words, the NRDA Trustees wants this Court to believe that the Encycle Site Settlement Agreement provides that the NRDA Trustees and the EPA recovered the money and then gifted

it to the Trustee, who in return undertook for the first time the obligation to clean-up the Encycle Site.  As discussed above, under the Consent Decree, in place long before the Encycle Site Settlement Agreement, the Debtor jointly with ASARCO was obligated to clean-up the Encycle Site. Upon the filing of bankruptcy, the Encycle Estate through the Trustee, jointly with ASARCO, became obligated to perform that required clean-up. Regardless of the Encycle Site Settlement Agreement, the Trustee was already obligated to clean-up the Encycle Site.  He just could not do it without a recovery of the money to fund the clean up. That is exactly what the Trustee recovered under the Encycle Site Settlement Agreement.

15.     The NRDA Trustees also argues that Schmidt and Kanner's employment was "improvident" and based on the Code and 5th Circuit law should not be honored.  Their asserted basis for improvidence is the premise that no one could have anticipated the Trustee would not prosecute his claim for which Schmidt and Kanner were employed, that he would collect no money for the Encycle Estate and he would incur just an obligation to clean-up the Encycle Site, using ASARCO's money recovered on the Government's claims. (Doc. #518, page 11).  In other words, the NRDA Trustees wants you to ignore the facts, ignore the Court's findings, ignore what the orders provide, and ignore what the Encycle Site Settlement Agreement provides.  All of the facts and argument about how Schmidt and Kanner came to perform their duties as Special Counsel are set forth in detail above and there is no need to repeat them in detail.  In summary, the Trustee through Special Counsel recovered through Mediation, as his sole property, all of the money attributable to the Encycle Site Settlement Claim and used it to clean-up his pre-existing obligation to remediate the Encycle Site.  Recovery by the Trustee of funds based on the Trustee's POC was exactly what Schmidt and Kanner were required to do and did do.

16.     This response began with an agreement that there were two sites which were the subject of settlements-the Encycle Site and the Nueces Bay Site.   Schmidt also agrees the Encycle Site Allowed Claim provided in the Encycle Site Settlement Agreement was provided to be a combined allowed claim to the Trustee, the EPA and the NRDA Trustees in settlement of ASARCO'S unliquidated, disputed liability under the Trustee's POC, the EPA's POC and the TCEQ's POC. Schmidt also agrees that all three were provided with voting rights for 1/3 of the Encycle Site Allowed Claim.  It is important to note that even though the EPA and the TCEQ's POCs were combined with the Trustee's POC and the EPA and the TCEQ could exercise voting rights, they possessed no right or ability to recover any money attributable to such claim.   All money attributable to this allowed claim was recovered by and was paid solely to the Trustee. Pursuant to the Special Counsel Contingency Fee Agreement the question is - What was the "money collected or benefit conferred" to the Trustee under the Encycle Site Settlement Agreement?  The answer is - all of the money and benefit attributable to that claim was collected by the Trustee through settlement.  Consequently, the contingency fee is payable on all of that money.

WHEREFORE, the Trustee request that NRDA Trustees' Objection be denied, and for further relief to which he may be entitled.

Respectfully submitted:


By:__/s/ Michael B. Schmidt_____
        Michael B. Schmidt
        401 Grant Pl.
        Corpus Christi, Texas 78411
        Office: 361/884-9949
        Fax:   361/884-6000
        TBN: 17775200/FBN: 10260
        APPLICANT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing has been served on all parties by electronic service and on those without electronic service by first class mail on January  23 , 2014.

/s/ Michael B. Schmidt
Michael B. Schmidt

CREDITORS TO BE MAILED BY US POSTAL:

Acetylene Oxygen Co.
P.O Box 430
Harlinger, TX 78551

ADP, Inc
205 Main Avenue
Clifton, NJ 07015

Allied Waste Services
Customer Service
PO Box 9236
Corpus Christi TX 78469-9236

Arcadis G&M Inc.
711 North Carancahua
Suite 1700
Corpus Christi, TX 78475

BFI Corpus Christi
P.O. Box 78718
Phoenix, AZ 85062

CESARIO CAVAZOS
2602 Johanna
Corpus Christi, TX 78415

C. C. Bolt & Screw Co.
4822 Baldwin Blvd.
Corpus Christi, TX 78408-2716

Cintas Fire Protection
7860 Mainland Dr.
San Antonio, TX 78250

ANTHONY CISNEROS
2008 Mary St. #B
Corpus Christi, TX 78405

Continental Battery Co.
4919 Woodall Street
Dallas TX 75247

Contractors Building Supply Co.
918 Navigation
Corpus Christi, TX 78407

Corpus Christi Caller-Times
P.O. Box 120936
Dallas, TX 75212-0936

City of Corpus Christi
PO Box 9097
Corpus Christi TX 78469-9097

City of Corpus Christi
PO Box 9257
Corpus Christi, TX 78469-9257

Environmental Resource Association
6000 West 54th Avenue
Arvada, CO 80002

Everest Water
1401 S.P.I.D.
Corpus Christi, TX 78416

Fed Ex
P.O. Box 84515
Palatine, IL 60094-4515

Ferguson Enterprises
P.O. Box 847411
Dallas, TX 75284-7411

French-Ellison Truck Center
1313 Corn Products Road
Corpus Christi, TX 78409

AMADOR GARCIA
1511 Palm Dr.
Corpus Christi, TX 78408

ALBERT J. GONZALEZ
4695 Trejo St.
Robstown, TX 78380

NOE T. GONZALEZ
46 S. Country Club Place
Corpus Christi, TX 78408

Grainger
430 Sun Belt Drive
Corpus Christi TX 78408-2411

JOSE GUZMAN
4734 Hamlett Dr.
Corpus Christi, TX 78415

RICHARD HONEYCUTT
520 Rowlett St.
Sinton, TX 78387

WADE F. HONEYCUTT
520 Rowlett St.
Sinton, TX 78387

Hose of South Texas
P.O. Box 9576
Corpus Christi, TX 78469

Huther & Associates
1156 North Bonnie Brae
Denton, TX 76201

J E Brown Septic Tank
P.O. Box 10581
Corpus Christi, TX 78460

BENJAMIN LOPEZ
P.O. Box 48
Odem, TX 78370

DAL02:440955.1

JESSE LOPEZ
6606 Hunt
Corpus Christi, TX 78413

PEDRO A. LOPEZ
P.O. Box 48
Odem, TX 78370

Meaney-Walsh Properties No 1 Ltd
Michael Walsh
3360 San Antonio Street
Corpus Christi, Texas 78412

Medworks Drug Screen
2000 SPID Suite 102
Corpus Christi, TX 78416

CHALBERT R. NELSON
441 Paloma
Corpus Christi, TX 78412

Nueces County Tax Assessor-Collector
Ronnie Canales
901 Leopard St., Suite 301
Corpus Christi, TX 78401-3684

Oil Patch Fuel & Supply
1526 N. Padre Island Dr
Corpus Christi, TX 78405

Portagas
6717-B Polk Street
Houston, TX 77011

PSC Industrial Outsourcing Inc.
1034 S Mineral Road
Corpus Christi TX 78409

Purvis Bearing Service Corpus Christi
725 Navigation Blvd
Corpus Christi TX 78408

Ram Consultants
Dr V Ramachandran
9650 E Pergrine Place
Scottsdale AZ 85262-1441

Reddy Ice Corpus Christi
5874 Hwy 44 Bypass
Corpus Christi TX 78406

CHARLES E. RICHTER
4525 Kasper
Corpus Christi, TX 78415

Ryan & Company
. 13155 Noel Road 12TJ Floor LB72
Dallas, TX 75240-5090

Safety Kleen
P.O. Box 650509
Dallas, TX 75265-0509

SBC
Collection Dept.
PO Box 630047
Dallas TX 75263-0047

Severn Trent Laboratories
Corpus Christi
Chip Meador
1733 N Padre Island Drive
Corpus Christi TX 78408

Sheinberg Tool Co.
P.O. Drawer 4107
Corpus Christi, TX 78469

State Treasurer
Comptroller of Public Accounts
111 E 17th St
Austin, TX 78774-0100

State of Texas
Natural Resources Division
Attorney General's Office
P.O. Box 12548
Austin, TX 78711

Strouhal Tire & Recapping Plant
P. O. Box 4918-6
Houston, TX 77210-4918

Suez Energy Resources
PO Box 25225
Lehigh Valley PA 18002-5225

Teledyne ISCO, Inc.
P.O. Box 223135
Pittsburgh, PA 15251-2135

Thermal Scientific
P.O. Box 314
Odessa, TX 79760

Texas Commission on Environmental Quality
Enforcement Division (MC 128)
J. Mac Vilas
PO Box 13087
Austin, TX 78711

Texas Commission on Environmental Quality
Financial Administration Division
PO Box 13088
Austin, TX 78711

Tractebel Energy Services
P.O. Box 25237
Lehigh Valley, PA 18002-5237

TransMatrix, Inc.
570 East Higgins Road, Suite 200
Elk Grove Village, IL 60007

Unifirst Holdings, LP
PO Drawer 2867
Corpus Christi TX 78403

Unique Employment I Ltd
4646 Corona, Suite 100
Corpus Christi, TX 78411

DAL02:440955.1

United States of America
Financial Litigation Unit
Office of the United States Attorney
P.O. Box 61129
Houston, Texas 77208

United States Postal Service
P.O. Box 0575
Carol Stream, IL 60132-575

United Steel Workers of America
PO Box 98517
Chicago Il 60693

US Ecology Texas
Ken Knibbs
PO Box 307
Robstown, TX 78380

JOSEPH WYATT
681 Rosewood
Corpus Christi, TX 78405

Xerox Capital Services LLC
PO Box 660501
Dallas TX 75266-501

US Attorney General John Ashcroft
Civil Process Clerk
10th Street and Constitution Ave., N.W.
Washington, DC 20530

David Jury
Asst Gen. Counsel for
United Steelworkers
Five Gateway Center, Rm 807
Pittsburgh, PA 15222

US Attorney for the
Southern District of Texas
PO Box 61129
Houston, TX 77208

IRS
Civil Process Receiving
1111 Constitution Ave., N.W.
Washington, DC 20224

Hal Morris
Office Attorney Gen.
PO Box 12548
Austin, TX 78711

Kevin Kieschnick
Tax Assessor-Collector
901 Leopard St., Ste. 301
Corpus Christi, TX 78401

Fireman's Fund Ins. Co.
c/o Leonard Goldberger
Stevens & Lee
1818 Market St., 29th Flr.
Philadelphia, PA 19103

Southwestern Bell
PO Box 98128
West Sacramento, CA 95798

U.S. of America
PO Box 7611
Washington, DC 20044-7611

Internal Revenue Service
300 E 8th Street
STOP 5022 AUS
Austin, TX 78701

Charles W. Lamar III
5551 Corporate Blvd.
Baton Rouge, LA 70808

Kevin Taliaferro
Plains All American Pipeline
333 Clay St., Ste. 1600
Houston, TX 77002

Peter H. Billipp
AVERA Companies
7880 San Felipe, Ste. 250
Houston, TX 77063

Kevin Beasley
Trafigura AG
5 Houston Center
1401 McKinney, Ste. 1500
Houston, TX 77010

Tom Mabry
4141 N. Braeswood Blvd., Ste. 639
Houston TX 77025

Michael Palmer
STUDLEY
333 Clay St., Ste. 3700
Houston, TX 77002

Jason Theriot, Ph.D.
The Earth Partners
17921 Smith Rd.
Brodhead, WI 53520

Linden Fielding
Dry Bulk Handling Consultant
2511 Cambria Ct.
League City, TX 77573

Gilbert Gray
CBRE/Industrial Prop.
2800 Post Oak Blvd, Ste. 2300
Houston, TX 77056

Edward Martin
Louis E. Martin III
1704 Ventures LLC
201 Main St., Ste. 1800
Fort Worth, TX 76102

Jaryong Jo
SK Energy
21250 Hawthorne Blvd., Ste. 465
Torrance, CA 90503

Laurence Valls
Valls Holdings, Ltd.
210 S. Carancahua, 6th Flr.
Corpus Christi, TX 78401

George Salinas
BTB Refining
6600 Up River Rd.
Corpus Christi, TX 78469

Bruce W Akerly on behalf of Creditor Ryan & Company, Inc.
bakerly@canteyhanger.com, nstarr@canteyhanger.com;mzastrow@canteyhanger.com

Jane E Atwood on behalf of Creditor Texas Natural Resource Trustees
jane.atwood@oag.state.tx.us, sue.worsham@oag.state.tx.us

Jane E Atwood on behalf of Interested Party Texas Commission on Environmental Quality
jane.atwood@oag.state.tx.us, sue.worsham@oag.state.tx.us

Jane E Atwood on behalf of Interested Party United States on behalf of EPA
jane.atwood@oag.state.tx.us, sue.worsham@oag.state.tx.us

Jane E Atwood on behalf of Spec. Counsel Allan Kanner
jane.atwood@oag.state.tx.us, sue.worsham@oag.state.tx.us

Jane E Atwood on behalf of Spec. Counsel Michael B Schmidt
jane.atwood@oag.state.tx.us, sue.worsham@oag.state.tx.us

Mike Boudloche
mboudloche@ch13boudloche.com,
pmcgonagillecf@ch7boudloche.com;MB2@trustesolutions.com;mb2@trustesolutions.net

Mike Boudloche on behalf of Trustee Mike Boudloche
mboudloche@ch13boudloche.com,
pmcgonagillecf@ch7boudloche.com;MB2@trustesolutions.com;mb2@trustesolutions.net

Patricia Reed Constant on behalf of Interested Party The Berry Company
prc@prconstantlaw.com, patriciaconstant@me.com

Barbara C Jue on behalf of U.S. Trustee US Trustee, 111
barbara.c.jue@usdoj.gov

Kirk W Koester on behalf of Creditor Administrator of the Environmental Protection Agency
kirk.koester@usdoj.gov

Kirk W Koester on behalf of Creditor Texas Natural Resource Trustees
kirk.koester@usdoj.gov

Kirk W Koester on behalf of Interested Party United States on behalf of EPA
kirk.koester@usdoj.gov

Kirk W Koester on behalf of Spec. Counsel Allan Kanner
kirk.koester@usdoj.gov

Kirk W Koester on behalf of Spec. Counsel Michael B Schmidt
kirk.koester@usdoj.gov

C Luckey McDowell on behalf of Debtor Encycle/Texas, Inc.
luckey.mcdowell@bakerbotts.com

Romina L. Mulloy on behalf of Debtor Encycle/Texas, Inc.
romina.mulloy@bakerbotts.com, bankruptcydallas@bakerbotts.com

Romina L. Mulloy on behalf of Interested Party ASARCO LLC
romina.mulloy@bakerbotts.com, bankruptcydallas@bakerbotts.com

James R Prince on behalf of Interested Party ASARCO LLC
jim.prince@bakerbotts.com, BankruptcyDallas@bakerbotts.com

Bruce J. Ruzinsky on behalf of Creditor Suez Energy Resources NA, Inc.
bruzinsky@jw.com, ygalvin@jw.com

Diane Wade Sanders on behalf of Creditor Nueces County
austin.bankruptcy@publicans.com

Michael Schmidt on behalf of Attorney Michael B. Schmidt
mbsatty@swbell.net

Michael Schmidt on behalf of Creditor Texas Natural Resource Trustees
mbsatty@swbell.net

Michael Schmidt on behalf of Interested Party United States on behalf of EPA
mbsatty@swbell.net

Michael Schmidt on behalf of Spec. Counsel Allan Kanner
mbsatty@swbell.net

Michael Schmidt on behalf of Spec. Counsel Michael B Schmidt
mbsatty@swbell.net

Michael Schmidt on behalf of Trustee Mike Boudloche
mbsatty@swbell.net

Michael B Schmidt on behalf of Attorney Michael B. Schmidt
mbstrust@swbell.net, mbschmidt@ecf.epiqsystems.com

Michael B Schmidt on behalf of Trustee Mike Boudloche
mbstrust@swbell.net, mbschmidt@ecf.epiqsystems.com

Linda B Secord on behalf of Creditor Texas Natural Resource Trustees
Linda.Secord@TexasAttorneyGeneral.gov, sue.worsham@TexasAttorneyGeneral.gov

Eric Soderlund on behalf of Debtor Encycle/Texas, Inc.
eric.soderlund@judithwross.com

Alan S Tenenbaum on behalf of Creditor Texas Natural Resource Trustees
alan.tenenbaum@usdoj.gov

Alan S Tenenbaum on behalf of Interested Party United States on behalf of EPA
alan.tenenbaum@usdoj.gov

Alan S Tenenbaum on behalf of Spec. Counsel Allan Kanner
alan.tenenbaum@usdoj.gov

Alan S Tenenbaum on behalf of Spec. Counsel Michael B Schmidt
alan.tenenbaum@usdoj.gov

US Trustee, 111
USTPRegion07.CC.ECF@USDOJ.GOV

David Walsh on behalf of Creditor Meaney-Walsh Properties No. 1, LTD
dwalsh@walshlawcc.com

Mark L Walters on behalf of Creditor Texas Natural Resource Trustees
Mark.Walters@TexasAttorneyGeneral.gov, Linda.Secord@TexasAttorneyGeneral.gov

Mark L Walters on behalf of Interested Party United States on behalf of EPA
Mark.Walters@TexasAttorneyGeneral.gov, Linda.Secord@TexasAttorneyGeneral.gov

Mark L Walters on behalf of Spec. Counsel Allan Kanner
Mark.Walters@TexasAttorneyGeneral.gov, Linda.Secord@TexasAttorneyGeneral.gov

Mark L Walters on behalf of Spec. Counsel Michael B Schmidt
Mark.Walters@TexasAttorneyGeneral.gov, Linda.Secord@TexasAttorneyGeneral.gov

Thomas J Walthall, Jr on behalf of Interested Party Apeck Construction, Inc.
tjw@tglf.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

In re:                                    §
ENCYCLE/TEXAS, INC.                       §
                    Debtor(s)             §        Case No. 05-21304


## ORDER OVERRULING OBJECTION (Doc. # 518)

The Court having considered the Texas's natural Resources Damage Trustees' (the "NRDA Trustees") Objection to Schmidt and Kanner Application for Payment of Special Counsel Fees (Doc. #494) find that it is not well taken and denies it. The Court finds that no objections have been filed by the EPA or the TCEQ to this Application. The Court further finds the Fee Application should be approved.  It is therefore:

ORDERED that the Fee Application of Special Counsel is APPROVED (Doc. #494) and the NRDA Trustees' Objection (Doc. #518) objection to such Fee Application is OVERRULED. Mike Boudloche, Trustee is Ordered and Directed to pay the fees provided in such Fee Application out of sales proceeds immediately upon his receipt of same.


Dated:


                              _____
                              Richard S. Schmidt
                              UNITED STATES BANKRUPTCY JUDGE